JAMES H. TOPPASS, Respondent, v. THE KELLOGG SYRUP MANUFACTURING COMPANY, Appellant.

Kansas City Court of Appeals, April 4, 1898.

Variance: ALLEGATA ET PROBATA. A petition alleged that certain sugar cane was to be paid for at its reasonable value. Proof showed payment was to be at the "reasonable market price of the same according to grade." *Held*, the variance was immaterial.

*Appeal from the Chariton Circuit Court.*—HON. W. W. RUCKER, Judge.

AFFIRMED.

CRAWLEY & SON for appellants.

Defendant's demurrer offered at the close of plaintiff's evidence should have been given. The discrepancy between the contract laid in the petition, and the contract established by plaintiff's evidence, amounted to a total failure of proof. Moore v. Mountcastle, 72 Mo. 605; Smith v. Shell, 82 Mo. 215; Warson v. McElroy, 33 Mo. App. 553; Budd v. Hoffheimer, 52 Mo. 297; Eyerman v. Cem. Ass'n, 61 Mo. 489; Mohney v. Reed, 40 Mo. App. loc. cit. 110.

CHARLES C. HAMMOND and KINLEY, CARSKADON & KINLEY for respondent.

The demurrer to the evidence was properly overruled. The petition alleged that the defendants contracted with plaintiff to raise twelve acres of cane; that they would take same and pay a reasonable value therefor; that the defendants refused to take said cane after it was raised, and that there was no other market for said cane within plaintiff's reach and said cane was lost entirely to plaintiff. The evidence supported the averments of the petition. Lumber Co. v. Warner, 93 Mo. 375; Price v. Vanstone, 40 Mo. App. 207.

GILL, J.—This is an action for damages on an alleged breach of contract, the purport of which was, according to the allegations of the petition, that in the season of 1895 plaintiff was to raise on his farm from eight to twelve acres of sorghum cane, and that defendants, who were engaged in the manufacture of sorghum syrup in the neighborhood, should purchase the entire crop when it matured, paying therefor its reasonable value. Plaintiff raised the cane, and, according to his evidence, it matured and was ready for delivery in September of that year when he, the plaintiff, offered to deliver the same at defend-

STATEMENT.

ants' factory; but that defendants refused to receive the same or pay therefor and put him off from time to time until it was destroyed by frost. Plaintiff prayed judgment for $368, the alleged value of the cane. Defendants' answer was in effect a general denial. On a trial by jury there was a verdict and judgment in plaintiff's favor for $168.50 and defendants appealed.

After a careful consideration of this entire record, as well as the briefs of counsel, we find no substantial reason for disturbing the judgment. The principal objection relates to an alleged departure in the evidence and instructions from the contract sued on. The petition alleged that defendants agreed to take the cane and pay a *reasonable value* therefor. The testimony, which went in without objection, was that the cane was to be paid for according to its saccharine quality measured by an instrument called the saccharometer and within a schedule of prices ranging from $1.25 to $2 per ton, which were then the ruling prices. The defendants' manager was asked: "What did you tell him would be the ruling price for cane?" Answer: "According to grade 6 and 7, $1.25; 7 and 8, $1.50; 9 and 10, $1.75; 11 and 12, $2. I determined the specific gravity by a saccharometer," etc.

At the close of the evidence the court, at plaintiff's request, gave the following instruction: "If the jury believe and find from the evidence that on or about the first day of April, 1895, the defendants contracted and agreed with the plaintiff that they would receive from him at their mill, in Sumner, all the sugar cane that he would raise in the crop season of 1895—and deliver to them during the season for cultivating and delivering said cane, in the year 1895, not to exceed the product of twelve acres, and would pay him for same the reasonable market price of same, according to grade; and that plaintiff in pursuance of such

contract and agreement did plant and raise to maturity twelve acres of such cane; and that defendants on or about the 10th of September, 1895, paid plaintiff on said contract the sum of ten dollars; and that plaintiff was ready and willing and offered to deliver to defendants at their said mill in Sumner when said cane matured and was ready for delivery in the months of September and October, 1895; and that the same could have been delivered in good merchantable order, but that defendants wrongfully refused to receive the same; and if the jury further find from the evidence that there was no other market within plaintiff's reach, and that plaintiff could not dispose of same at any price, and that the same was entirely lost to him, your verdict should be for the plaintiff," etc.

It is claimed now, that because the petition alleged a contract whereby defendants, promised to pay the *reasonable value*, while the proof showed, and the above instruction was predicated on, a contract to pay a "*reasonable market price of same according to grade*," this amounted to alleging VARIANCE: allegata et probata. one cause of action and recovering on another; or, in other words was an entire failure of proof of the cause of action sued on. We can not regard this variation (if indeed it can be so termed) as of any serious consequence. Of course the rule is well understood that a plaintiff can not sue on one cause of action and at the same time recover on one substantially different. But this is not a case of that kind. At most it was a mere immaterial variance between the one allegation of the petition and the testimony. Our statute (section 2096) admonishes the courts that "no variance between the allegation in the pleading and the proof shall be deemed material unless it has actually misled the adverse party to his prejudice in maintaining his action or defense upon the merits."

This is not a case where the cause of action sued on is unproved "in its entire scope and meaning," but at most is an immaterial variance in one small particular, and is not therefore to be treated as a substantial failure of proof.    R. S. 1889, sec. 2238.

We notice the several very technical objections to the above quoted instruction but find in none of them any substantial merit.

It seems conceded, however, that defendant paid $10 on account of the purchase of the sugar cane and yet the jury were not instructed to credit him with that amount; nor is there anything to show that such credit was given, unless it be the smallness of the verdict. Plaintiff however offers here to remit this sum. A remitter will be entered then for $10 and the judgment will stand affirmed for the balance.    All concur.